# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHEON ARNOLD,

          *Plaintiff*,

    v.

DAVID STEINER,

          *Defendant*.

Civil Action No. 24 - 3499 (LLA)

## <u>MEMORANDUM OPINION</u>

Plaintiff Sheon Arnold, proceeding pro se, filed a civil complaint in the Superior Court of the District of Columbia against David Steiner in his official capacity as the Postmaster General of the United States. ECF No. 1-2.[1]  Before the court are Mr. Arnold's motion to remand the case to Superior Court, ECF No. 5, and the Postmaster General's motion to dismiss, ECF No. 9.  For the reasons stated below, the court will deny Mr. Arnold's motion to remand, grant the Postmaster General's motion to dismiss without prejudice, and allow Mr. Arnold to file an amended complaint that cures the existing deficiencies within thirty days.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In June 2024, Mr. Arnold filed a Superior Court complaint against the Postmaster General alleging violations of the following laws: Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.*, 18 U.S.C. § 1001 (a federal criminal statute pertaining to false statements and entries); D.C. Code § 22-3241(1)(a)(2), (a District of Columbia forgery statute), and D.C. Code

---

[1] Plaintiff named former Postmaster General Louis DeJoy as Defendant, but the current officer in this role is "automatically substituted" as a party pursuant to Federal Rule of Civil Procedure 25(d).

§ 47-4106(b) (a District of Columbia statute regarding fraud and false statements). *See* ECF No. 1-2, at 5.[2] He seeks $82,000 in damages, plus interest. *Id.* at 1. The Superior Court docket reflects that service was not effectuated on the Postmaster General consistent with D.C. Superior Court Rules of Civil Procedure 4(i)(1) and 4(i)(2), which require a plaintiff serving a U.S. officer or employee in their official capacity to send a copy of the service package to the U.S. officer or employee, the U.S. Attorney General, and the U.S. Attorney General for the District of Columbia. ECF No. 3, at 3; *see Arnold v. Dejoy*, 2024-CAB-3688 (D.C. Super. Ct.).

In December 2024, the Postmaster General removed the action to this court, ECF No. 1, and Mr. Arnold filed a motion to remand, ECF No. 5. Because the Postmaster General contended that the United States had not been properly served, he filed a motion in January 2025 asking the court to stay the case until service was effected. ECF No. 4. The court granted the Postmaster General's motion, directed the U.S. Marshals Service to effectuate service,[3] and stayed the case until service had been effectuated. ECF No. 6. After service was effectuated, ECF No. 8, the court lifted the stay, May 19, 2025 Minute Order, and the Postmaster General filed a combined opposition to Mr. Arnold's motion to remand and motion to dismiss, ECF No. 9. Because Mr. Arnold is proceeding pro se, the court issued a *Fox/Neal* order informing him that he needed to respond to the Postmaster General's motion to dismiss on or before August 7, 2025 or risk having the motion granted as conceded. ECF No. 11; *see* Local Civ. R. 7(b). On August 4, Mr.

---

[2] The citations to ECF Nos. 1-2, 5, and 8, refer to the ECF-generated page numbers at the top of each page, rather than any internal pagination.

[3] The court directed the U.S. Marshals Service to effectuate service because the Superior Court had granted Mr. Arnold leave to proceed *in forma pauperis*. Order at 1, *Arnold*, 2024-CAB-3688 (D.C. Super. Ct. Sep. 13, 2024).

Arnold filed a reply in support of his motion to remand, ECF No. 12, but he did not respond to the motion to dismiss.

## II.    DISCUSSION

### A.    Motion to Remand

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A defendant must file his notice of removal within thirty days after receiving the complaint "through service or otherwise."  28 U.S.C. § 1446(b)(1).  For purposes of the removal statute, the Superior Court of the District of Columbia is a state court.  *Id.* § 1451(1).

As relevant here, a civil action "that is commenced in a state court" may be removed to federal court when it is against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof . . . for or relating to any act under color of such office."  *Id.* § 1442(a)(1).  Federal district courts also have subject-matter jurisdiction in "civil actions arising under the Constitution, laws, or treaties of the United States" (federal question jurisdiction), *id.* § 1331, and over civil actions "between citizens of different states" where the matter in controversy exceeds $75,000 (diversity jurisdiction), *id.* § 1332(a).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of a notice of removal . . . ."  *Id.* § 1447(c).  A motion to remand for lack of subject-matter jurisdiction may be made at any time.  *Id.*  The party

opposing remand bears the burden of showing that the federal court has subject-matter jurisdiction and that removal was proper. *See Simon v. Hofgard*, 172 F. Supp. 3d 309, 315 (D.D.C. 2016).

Mr. Arnold first argues that the Postmaster General's December 2024 removal was untimely because it came six months after the case was filed. ECF No. 5, at 4. As noted, a defendant has thirty days after receipt of the complaint, "though service or otherwise," to file his notice of removal. 28 U.S.C. § 1446(b)(1). The burden lies with the plaintiff to prove service. *Busby v. Cap. One, N.A.*, 932 F. Supp. 2d 114, 128 (D.D.C. 2013). In January 2025, the Postmaster General contended that he had not been properly served. ECF No. 4. Mr. Arnold does not dispute that service was not properly effectuated before the Postmaster General removed the action, nor does he contend that the Postmaster General "otherwise" learned of the suit more than thirty days before he removed the action in December 2024. Accordingly, Mr. Arnold has not shown that the Postmaster General's notice of removal was untimely.

Mr. Arnold next contends that remand is warranted because this case involves "fraud" rather than "employment discrimination. *See generally* ECF No. 5. But when the defendant is a United States officer or employee—like the Postmaster General is here—removal is permitted regardless of the subject matter of the case. 28 U.S.C. § 1442(a); *see, e.g., Abeywardene v. Tulino*, No. 24-CV-2353, 2025 WL 1380427, at *3 (D.D.C. May 13, 2025). Accordingly, the Postmaster General was entitled to remove this case and the court will deny Mr. Arnold's motion to remand.

### B.    Motion to Dismiss

Complaints by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Even a pro se litigant, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint include: (1) "a short and plain

statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). The rule ensures that a defendant has "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material" or one that "contains an untidy assortment of claims that are neither plainly or concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments" does not meet Rule 8's pleading standard. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

A court may dismiss a complaint that fails to adhere to the requirements of Rule 8 either upon a motion or *sua sponte*. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 669 (D.C. Cir. 2004). "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint . . . and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Jiggetts*, 319 F.R.D. at 413-14 (alteration in original) (quoting *Achagzai v. Broad Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2016)). Here, Mr. Arnold's complaint fails to meet the pleading standards of Rule 8.

Mr. Arnold appears to allege that an unnamed officer, representative, or attorney of the U.S. Postal Service intentionally submitted false evidence in an unidentified "legal proceeding" to "influence a decision." ECF No. 1-2, at 4. But these allegations lack sufficient detail to reasonably allow the Postmaster General to respond to the claims against him. For example, Mr. Arnold does

not state when or where the alleged misconduct occurred, who committed it, what "legal proceedings" gave rise to the alleged submission, what evidence the unnamed officer submitted and what attributes of it were false, what made the evidence material in the unidentified legal proceedings, and so forth.

Courts have not hesitated to reject similar pleadings under Rule 8(a).  *See, e.g.*, *Kelleher v. Regan*, No. 23-CV-2756, 2023 WL 8600507, at *1 (D.D.C. Nov. 27, 2023) (dismissing complaint that "offer[ed] a 'rambling, disjointed, incoherent' discussion" (quoting *Jiggetts*, 319 F.R.D. at 413)); *Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing complaint for failing to explain "the cause of action under which [Plaintiff] sue[d], or any facts that could plausibly support a claim for relief"); *Hamrick v. United States*, No. 08-CV-1698, 2009 WL 8747880, at *1 (D.D.C. Jan. 30, 2009) (dismissing suit because "Defendants should not be forced to spend time and energy in attempting to decipher plaintiff's utterly confusing and lengthy pleading").

The court will therefore dismiss Mr. Arnold's complaint without prejudice and allow him another opportunity to file a complaint that complies with Rule 8.  *See Ciralsky*, 355 F.3d at 668-71.  In his amended complaint, Mr. Arnold must clearly state a cause of action and facts that support a claim for relief.  If he "files an amended complaint that merely recycles the Complaint presently before the Court[,] it may be dismissed with prejudice."  *Hamrick v. United States*, No. 10-CV-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (internal quotation marks omitted); *see Brown*, 164 F. Supp. 3d at 35.

### III.    CONCLUSION

For the foregoing reasons, the court will deny Mr. Arnold's motion to remand, ECF No. 5, and grant the Postmaster General's motion to dismiss, ECF No. 9, to the extent that it seeks

dismissal under Rule 8.  The court will allow Mr. Arnold to file an amended complaint that cures the existing deficiencies within thirty days.  A contemporaneous order will issue.

_____

LOREN L. ALIKHAN
United States District Judge

Date:    September 23, 2025